IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EARL M. BIRD, ) | Civil Action No. 3:09-2689-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

     This case is before the Court pursuant to Local Civil Rules 73.02(B)(2)(a) and 83.VII.02, et seq., DSC, concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

     Plaintiff filed an application for DIB on December 19, 2006, alleging disability since January 1, 2001. (Tr. 86-93). Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 7, 2009, at which the Plaintiff (represented by counsel) appeared and testified. The ALJ issued a decision on May 8, 2009, denying benefits. He found that Plaintiff was not disabled within the meaning of the Social Security Act ("Act") because Plaintiff did not have a "severe" impairment

prior to March 31, 2005, the date Plaintiff was last insured for the purpose of receiving disability benefits under the Act.

.      Plaintiff was fifty-nine years old at the time of the ALJ's decision. He has an eleventh grade education with past relevant work as an owner/operator of a trailer park, self-employed landscaper, and as a carpenter installing doors and windows. (Tr. 29-30). Plaintiff alleged disability due to arthritis, emphysema, prostate problems, and back pain upon physical exertion. (Tr. 115).

The ALJ found (Tr. 11-21):

1.   The claimant last met the insured status requirements of the Social Security Act on March 31, 2005.

2.   The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2001 through his date last insured of March 31, 2005.

3.   Through the date last insured, the claimant had the following medically determinable impairments: hypertension, obesity, hyperlipidemia, benign prostatic hypertrophy (BPH), posttraumatic stress disorder (PTSD), depression, skin tags, arthritis, emphysema, chronic obstructive pulmonary disease (COPD) and back pain (20 CFR 404.1521 *et. seq.*).

4.   Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et. seq.*).

5.   The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2001, the alleged onset date, through March 31, 2005, the date last insured (20 CFR404.1520(f) and 416.920(f)).

On September 11, 2009, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final action of the Commissioner. Plaintiff filed this action on October 15, 2009.

**SCOPE OF REVIEW**

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." See 20 C.F.R. § 404.1505(a) and Blalock v. Richardson, supra.

**MEDICAL RECORD**

Plaintiff sought no medical treatment prior to the expiration of his insured status. There is no record that Plaintiff sought medical treatment prior to June 2006.[1] Beginning in June 2006 (well over a year after his date last insured), Plaintiff sought treatment at the Veterans Administration Medical Center ("VAMC").[2] A depression screening was negative. It was noted that Plaintiff had not been to a doctor in years, and it was recommended that he begin exercising. An Albuterol inhaler (to be used as needed for wheezing) was prescribed, as well as over-the-counter nasal decongestant spray and Ibuprofen. Tr. 180, 184-185.

---

[1] At the hearing, Plaintiff admitted he had not sought any medical treatment prior to June 2006. Tr. 44.

[2] All of Plaintiff's medical records discussed, with the exception of a consultative examination by Dr. Cole, are from the VAMC.

In March 2007, a post-traumatic stress disorder ("PTSD") screening was positive, based on Plaintiff's complaints of experiencing nightmares, trying to avoid thinking about negative experiences, hypervigilance, and feelings of numbness and detachment from others. Tr. 253. He was given an initial intake evaluation at the mental health clinic in April 2007. Tr. 339-344. Plaintiff complained of sleeplessness, and nightmares which had gotten worse over the preceding two years. He reported that he liked to shop at times when others were not shopping, had road rage, and preferred to drive at night when less people were on the road. Tr. 339, 342. It was noted that in April 2007 Plaintiff reported experiencing nightmares, flashbacks, insomnia, depressive symptoms, and isolation. Tr. 338. In May 2007, Plaintiff complained that he slept for less than two hours at a time, could not bear being around people, had never attended a movie or sporting event, and "quit" being around people in 2001. Dr. Katharine Archer provided Plaintiff with a trial prescription of Celexa. Tr. 325. She opined that Plaintiff suffered from PTSD, although Plaintiff's Global Assessment of Functioning ("GAF") was assessed at 60 (indicative of moderate symptoms or difficulties).

In June 2007, Plaintiff said that he worked "flint napping," which he described as a process to make prehistoric artifacts such as stone knife blades and spear tips. He indicated that this was his source of income and he did "not need to work." Tr. 314. His GAF was assessed at fifty-seven, which indicated only moderate symptoms or difficulties, and he was referred to a group anger management class. Tr. 315, see Tr. 282-291, 296-298, 306-309.

In December 2007, a licensed social worker noted that Plaintiff was psychiatrically stable and exhibited no psychosis, had no thought disorder, and experienced no delusions or hallucinations. Tr. 402. In May 2008, Plaintiff reported that his medications seemed to be working, and he denied

any hallucinations or delusions. Tr. 395. In September 2008, Plaintiff complained that he experienced nightmares about Vietnam. It was noted that he was stable with no psychosis. Tr. 383.

Plaintiff underwent a psychological evaluation in July 2007 with Dr. Spurgeon Cole, a psychologist. He reported that he had flashbacks, intrusive memories, nightmares, difficulty sleeping, and low esteem. Plaintiff said that he did not shop, took no trips, had no friends, and was completely isolated. Tr. 260-270. Dr. Cole opined that Plaintiff had PTSD and depression. Tr. 270-271.

## **HEARING TESTIMONY**

Plaintiff testified that he drove an automobile, but only to attend group meetings and to shop. Tr. 28. He had worked as an owner/operator of a trailer park for six years, as a carpenter installing doors and windows, and as the owner of a landscaping business. Tr. 29-30. Plaintiff stated that he preferred to be alone, and did not like being around people. He reported that he received a monthly check of $2,600 from the VA, based on a one-hundred percent disability rating. Tr. 31.

Plaintiff said that he had flashbacks, panic attacks, hyperventilation, and a racing heart. Tr. He did not leave his property, did not visit friends or relatives, and never attended social gatherings. Tr. 32-34. He claims that his alleged onset of disability date, January 2001, coincided with the date he sold his trailer park. Tr. 41-42. He said he performed the housework and yard work. Tr. 42.

## **DISCUSSION**

Plaintiff alleges that: (1) the Court should consider new and material evidence from the Veterans Administration ("VA") that clearly shows that Plaintiff is totally and permanently disabled as a result of PTSD caused by his combat service in Vietnam; and (2) the Commissioner erred by failing to consider the VA's assessment that Plaintiff was totally disabled due to PTSD even though

the assessment was made shortly after the expiration of Plaintiff's insured status. The Commissioner contends that substantial evidence supports the final decision that Plaintiff was not disabled within the meaning of the Act.[3]

### A.   Commissioner's Decision/Substantial Evidence

Plaintiff appears to argue that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly consider the VA's disability ratings. In October 2006, Plaintiff received an award of seventy percent disability (based on PTSD) by the VA effective June 9, 2006. See Tr. 159. In a decision dated November 2007, the VA increased this to one hundred percent (also effective June 9, 2006). Tr. 159-165. The Commissioner argues that substantial evidence supports the ALJ's determination that Plaintiff did not have a severe impairment prior to his date last insured and that the ALJ properly considered the VA's disability rating.

The Commissioner's final decision that Plaintiff was not disabled prior to March 31, 2005 is supported by substantial evidence and correct under controlling law. Plaintiff failed to show that he had any severe[4] impairment prior to his last date insured. It is the claimant's burden to show that

---

[3]Substantial evidence is:
> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984); Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966). It must do more, however, than merely create a suspicion that the fact to be established exists. Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).

[4]A non-severe impairment is defined as one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).   "Basic work (continued...)

he had a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 145 n. 5 (1987). Plaintiff has presented no objective evidence to support his claim of a severe impairment prior to March 31, 2005.

As noted by the Commissioner, Plaintiff did not even allege a mental problem as the basis for disability at the time he filed his application. See Tr. 115. He now argues disability primarily based on PTSD. When Plaintiff first sought help at the VAMC, he made no complaints of mental problems. See Tr. 180, 184-185, 208-209. In the records before the ALJ, Plaintiff first complained of PTSD symptoms in March 2007 (Tr. 253), nearly two years after Plaintiff's date last insured. He did not receive any medication for his allegedly disabling condition until May 2007, engaged in only a brief course of group anger management classes, and attended only a few individual therapy sessions. Tr. 282-291, 296-298, 306-309, 313. By December 2007, the medical records indicate that Plaintiff's condition was stable and he exhibited no thought disorder, delusions, or hallucinations. Tr. 402. In May 2008, Plaintiff admitted his medications were working, and he had no hallucinations or delusions. Tr. 395.

---

[4](...continued)
activities" means:
> The abilities and aptitudes necessary to do most jobs. Examples of these include –
>> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>> (2) Capacities for seeing, hearing, and speaking;
>> (3) Understanding, carrying out, and remembering simple instructions;
>> (4) Use of judgment;
>> (5) Responding to supervision, co-workers and usual work situations; and
>> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b). An impairment is "not severe" or insignificant only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984).

Although Plaintiff claimed that he did not leave his property, did not visit friends or relatives, and never attended social gatherings (Tr. 32-33), the record reflects that he attended family gatherings at a park and at a restaurant (Tr. 314), attended out-of-town artifact shows where he sold items he crafted (Tr. 315), shopped (Tr. 28), and attended weekly group meetings with a veterans' group (Tr. 28). He also indicated that his "flint napping" work was an acceptable source of income and he did not "need to work" otherwise. Tr. 314.

The ALJ also reasonably considered the Plaintiff's VA disability rating. Evidence of an impairment includes: "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind[.]" 20 C.F.R. § 404.1512(b)(5). SSR 06-03p provides:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> *****
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Here, the ALJ properly considered the evidence in the record concerning the VA rating and discounted it because it related only back to June 2006. Tr. 16, 21.

Plaintiff, citing Owens v. Barnhart, 444 F.Supp.2d 485 (D.S.C. 2006), argues that the VA disability ratings should not have been discounted. In that action, the district court reversed the Commissioner's decision and remanded the action for an award of benefits. The case, however, is distinguishable. The claimant in Owen had a long record of medical treatment prior to being found disabled by the VA. There was a record of treatment prior to the claimant's last date insured. Here, however, Plaintiff had no record of medical treatment from 1970 until June 2006, well over a year after his insured status expired. The VA disability ratings are not based on any treatment before Plaintiff's last date insured.

Plaintiff also appears to argue that the ALJ erred in failing to properly consider his impairments in combination. Plaintiff's Brief at 11. There is, however, no medical evidence in the record to support Plaintiff's claim that he suffered from any severe impairment prior to his date last insured. See 20 C.F.R. §§ 404.1512, 404.1515 (Plaintiff bears the burden of establishing the existence of a "severe" impairment or combination or impairments that prevented him from performing substantial gainful activity); 42 U.S.C. § 423(d)(5)(A)("[a]n individual's statements as to pain and other symptoms shall not alone be conclusive evidence of disability" for purposes of the Act). The ALJ discussed all of Plaintiff's impairments and found that Plaintiff did not have an impairment or combination of impairments that limited his ability to perform basic work activities.

Plaintiff asserts that the ALJ erred in noting that depression screening performed in June 2006 (Tr. 185) had been negative because he is claiming PTSD, not depression. The ALJ, however, merely correctly noted that depression screening was negative. The ALJ wrote that "it seems that even a depression screening would have indicated the presence of significant complaints of PTSD." Tr. 20. Even if this supposition is wrong, it is harmless error, as medical personnel did not note any

9

signs of PTSD at that examination and that examination (which is the first Plaintiff had in many years) was more than a year after Plaintiff's last date insured.

B.     New Evidence

Attached to his Brief, Plaintiff submitted treatment notes from the VA which are not part of the record. This consists of a Review Examination for PTSD Exam on September 30, 2007 (Ex. A), and an Initial Evaluation for PTSD dated September 12, 2006 (Ex. B). He argues that the Court should review this evidence because it is relevant to the time the application was filed, it is material, he has shown good cause for its consideration, and he has made a showing of the evidence. The Commissioner argues that this material does not provide a basis to change the ALJ's decision.

Plaintiff fails to show that the evidence attached to his Brief should be considered by this Court. "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the [Commissioner's] decision is supported by substantial evidence." Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972); see also 42 U.S.C. § 405(g). The evidence submitted by Plaintiff is not part of the administrative record. Thus, the Commissioner's decision should not be reversed based on this evidence as it is not part of the administrative record.

Additionally, Plaintiff fails to show that this action should be remanded to consider new evidence. Additional evidence must meet four prerequisites before a reviewing court may remand the case to the Commissioner on the basis of newly discovered evidence. These prerequisites are as follows:

> 1.     The evidence must be **relevant** to the determination of disability at the time the application was first filed and not merely cumulative.

>    2.   The evidence must be **material** to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented.
>
>    3.   There must be **good cause** for the claimant's failure to submit the evidence.
>
>    4.   The claimant must present to the remanding court at least a **general showing** of the nature of the new evidence.

Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985)(emphasis added).[5]

Plaintiff has not shown that the September 2006 and September 2007 medical records, for medical treatment that occurred almost one and one-half years or more after the expiration of his insured status are "relevant." A claimant must establish that the evidence was "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). The records submitted with Plaintiff's brief are not relevant as they do not relate to the period on or before the ALJ's decision. There is nothing in either report to support Plaintiff's claim of disability prior to the expiration of his insured status, and the psychologist (Dr. Monica Wright) who performed the evaluations never opined that Plaintiff was disabled prior to March 2005. She also specifically noted only that it was "as likely as

---

[5] The court in Wilkins v. Secretary of Dep't of Health & Human Serv., 925 F.2d 769 (4th Cir.1991), rev'd on other grounds, 953 F.2d 93 (en banc), suggested that the more stringent Borders four-part inquiry is superceded by the standard in 42 U.S.C. 405(g). Id. at 774; see Wilkins, 953 F.2d at 96 n. 3. The standard in 42 U.S.C. § 405(g) allows for remand where "there is new evidence which is material and ... there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that the Borders construction of 42 U.S.C. § 405(g) is incorrect. See Sullivan v. Finkelstein, 496 U.S. 617, 626 n. 6 (1990). Thus, the more stringent Borders test should be applied. Even if the less stringent test is applied, Plaintiff fails to show that this case should be remanded because he fails to show that the new evidence is "material" or that there was good cause for failing to incorporate it into the record in the prior proceeding.

not" that Plaintiff's "current symptoms are related to his combat experiences." Plaintiff's Brief, Ex. 2 at 3.

Plaintiff also fails to show "good cause" for failing to submit these records to the ALJ. He argues that his prior counsel (Plaintiff is currently represented by different counsel than he was at the time of the ALJ's decision) may have not possessed expertise in the matter of veterans affairs. Such argument is speculative at best. There is simply no indication that Plaintiff and his counsel did not know of these records while the action was before the ALJ (or even before the Appeals Council).

Finally, these records are not material as Plaintiff fails to show that the new evidence would have reasonably provided a basis for changing the ALJ's decision. Plaintiff was assigned a seventy percent disability rating by the VA on the basis of a one-time evaluation of Dr. Wright, which was performed in September 2006 (well after Plaintiff's date last insured, and prior to Plaintiff receiving any treatment for his PTSD). At the time of her second examination (September 2007), Dr. Wright noted that Plaintiff had been receiving treatment for only four months. Plaintiff's Brief, Ex. 1 at 2.

## **CONCLUSION**

Despite Plaintiff's claims, he fails to show that the Commissioner's decision was not based on substantial evidence. This Court may not reverse a decision simply because a plaintiff has produced some evidence which might contradict the Commissioner's decision or because, if the decision was considered de novo, a different result might be reached.

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence, Richardson v. Perales, supra. Even where a plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision, Blalock

v. Richardson, supra.  The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. Shively v. Heckler, supra.  It is, therefore,

  RECOMMENDED that the Commissioner's decision be **affirmed**.

              Joseph R. McCrorey
              United States Magistrate Judge

February 14, 2011
Columbia, South Carolina