**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Earl M. Bird ) | C/A No. 3:09-2689-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on February 14, 2011, affirming the decision of the Commissioner. For the reasons set forth below, the court adopts the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

1

Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections arguing that (1) the ALJ did not properly consider Plaintiff's VA disability rating and (2) the action should be remanded to consider new and material evidence. *See* Dkt. No. 17. For the reasons set forth below and in the Report, the court concludes that the ALJ's decision applied the appropriate legal standards and is supported by substantial evidence. In addition, the court does not find remand necessary to consider new evidence.

**Plaintiff's VA Disability Rating.** Plaintiff argues that the ALJ erred in discounting Plaintiff's post-traumatic stress disorder ("PTSD") VA rating because it only related back to June

9, 2006 when Plaintiff's date last insured expired on March 31, 2005. Dkt. No. 17 at 4. Having reviewed the record in light of Plaintiff's objections and under the appropriate standard, the court adopts the reasoning and conclusion of the Report. The ALJ's discounting of Plaintiff's VA rating applied the proper legal standard and was supported by substantial evidence.

To succeed in his claim for DIB, Plaintiff has the burden to show that (1) he has "severe" impairments which would preclude him from performing substantial gainful activity; and (2) his impairments were of disability severity prior to March 31, 2005, the date he was last insured for purposes of qualifying for disability benefits. *See* 42 U.S.C. § 423; 20 C.F.R. §§ 404.1501(b), 404.1532(b); *Johnson v. Barnhart*, 434F.3d 650, 655-656 (4th Cir. 2005) (a claimant must prove disability prior to his date last insured); *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) (it is the claimant's burden to prove that his impairments render him unable to engage in substantial gainful activity). As noted in the Report, the ALJ correctly concluded that the evidence did not support Plaintiff's claim of a severe impairment prior to March 31, 2005, especially considering the fact that Plaintiff did not allege a mental problem as the basis for disability when he filed his application for benefits nor did he complain of PTSD symptoms before March 2007.[1] Dkt. No. 15 at 7; Tr. 253. For the reasons stated in the Report, the court concludes that the ALJ's treatment of Plaintiff's VA rating is supported by substantial evidence.

**New and material evidence.** Plaintiff argues that the Report applied the wrong legal standard in determining whether Plaintiff's new evidence warranted remand of this matter. Dkt. No.

---

[1] Plaintiff argues that the ALJ erred in not giving retrospective consideration to the evidence of Plaintiff's PTSD VA rating, relying on the Fourth Circuit's opinion in *Moore v. Finch*, 418 F.2d 1224 (4th Cir. 1969). Dkt. No. 17 at 6-8. However, in *Moore* there was lay observation evidence of Plaintiff's behavior that pre-dated medical evidence on the record warranting retrospective consideration. *Moore*, 418 F.2d at 1226. There is no such evidence in this case.

3

17 at 9. The Report relied on the four-step inquiry of **Borders v. Heckler** to conclude that Plaintiff did not meet his burden to show that this action should be remanded to consider new evidence.[2] 777 F.2d 954 (4th Cir. 1985). Plaintiff argues that the *Borders* inquiry has been superseded by amendment to statute, and the Report should have relied on the standard set forth in 42 U.S.C. § 405(g).[3] *See Wilkins v. Sec'y of Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) (suggesting *Borders* superseded by statute in a parenthetical), *vacated en banc on other grounds*, 953 F.2d 93.

As stated in the Report, although the vacated *Wilkins* opinion indicates in a parenthetical that *Borders*' four part test had been superseded by 42 U.S.C. § 405(g), *Borders* has not been expressly overruled. *See* Dkt. No. 15 at 11 n.5. Further, the Supreme Court has not suggested that the *Borders* construction of Section 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). However, the court need not determine whether the *Borders* inquiry is applicable because, for the reasons stated in the Report, Plaintiff has failed to meet his burden under either the *Borders* inquiry or the standard set forth in Section 405(g). Dkt. No. 15 at 10-12. Therefore, the court

---

[2] Under *Borders*, additional evidence must meet four prerequisites before a reviewing court may remand the case to the Commissioner:
> The evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative. It must be material to the extent that the [Commissioner's] decision might reasonably have been different had the new evidence been before her. There must be good cause for the [Plaintiff's] failure to submit the evidence when the claim was before the [Commissioner], and the [Plaintiff] must present to the remanding court at least a general showing of the nature of the new evidence.

*Borders*, 777 F.2d at 955 (internal citations omitted).

[3] Under Section 405(g), the district court should remand a case for reconsideration when "there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

4

concludes that this action should not be remanded to consider new evidence.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 4, 2011