**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Earl Matthew Bird ) | C/A No. 3:09-2689-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's petition for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks an award of $30,250.59, representing 152.25 attorney hours at a rate of $184.83 per hour, $805.00 for District Court and Fourth Circuit filing fees, and $1,305.22 for appellate expenses. Dkt. No. 36 at 4. Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award of fees because the Commissioner's position in this case was substantially justified. Should the court find that the Commissioner's position was not substantially justified, the Commissioner argues that the requested hourly rate and some of the time are excessive. For reasons set forth below, the court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorneys' fees.

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

1

**STANDARD**

Under the EAJA, a court shall award reasonable attorneys' fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010).[2] The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990).

**FACTS**

Plaintiff applied for Disability Insurance Benefits ("DIB") on December 19, 2006, alleging disability as of January 1, 2001. The ALJ, in a decision issued May 8, 2009, found Plaintiff not disabled and denied his claim, finding that Plaintiff did not have a severe impairment prior to the

---

[2] A party, like Plaintiff, who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

Plaintiff's last insured date (March 31, 2005). The Appeals Council denied Plaintiff's request for review.

Plaintiff filed this action on October 15, 2009. Dkt. No. 1. On February 14, 2011, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. Dkt. No. 15. On March 4, 2011, the court adopted the Report. Dkt. No. 19. Plaintiff filed a motion to alter the judgment on March 25, 2011, which the court denied on April 27, 2011.

On June 20, 2011, Plaintiff filed a notice of appeal. On November 9, 2012, the Fourth Circuit issued an opinion vacating this court's decision and remanding the case to the ALJ for further proceedings. The Fourth Circuit held that the Commissioner erred in failing to give retrospective consideration to medical evidence created after Plaintiff's last insured date, and in failing to give substantial weight to Plaintiff's disability determination made by the Department of Veterans Affairs (VA).

On April 9, 2013, Plaintiff filed a petition for attorneys' fees pursuant to the EAJA. Dkt. No. 36. On April 26, 2013, the Commissioner filed an opposition to Plaintiff's EAJA petition (Dkt. No. 37), to which Plaintiff replied on May 3, 2013. Dkt. No. 38.

## DISCUSSION

The Commissioner argues that her position was substantially justified because the Magistrate Judge recommended affirming the Commissioner's decision and the undersigned adopted the Report. The fact that at least one court agreed with the Commissioner, however, does not establish that the Commissioner's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not

3

establish whether its position was substantially justified.").

The Fourth Circuit held that the Commissioner committed legal error because she failed to consider the evidence summarized in the VA rating decision and the Cole Report. 699 F.3d at 340-41. Although these medical evaluations were made after Plaintiff's insured status had expired, this evidence should have been given retrospective consideration because it is relevant to whether Plaintiff was disabled prior to his last insured date. *Id.* (citing *Moore v. Finch*, 418 F.2d 1224 (4th Cir. 1969); *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005)). By not considering the evidence, the Commissioner failed to apply existing Fourth Circuit law.[3]

Considering the totality of the circumstances, the court finds that the Commissioner was not substantially justified in her position. Accordingly, Plaintiff is entitled to an award of attorneys' fees under the EAJA.

The Commissioner also opposes the hourly rate requested by Plaintiff, as well as certain time entries. Plaintiff's requested hourly rate includes a cost of living adjustment pursuant to the Consumer Price Index (CPI) in November 2012. Counsel performed work on this case in 2010, 2011, and 2012, and litigation was substantially completed at the end of 2012.[4] The Commissioner contends that the hourly rate should be reduced to reflect the CPI for each year in which work was performed. In other words, the Commissioner argues that the court should award a different hourly rate for each year, based on the CPI for that year. Having reviewed the authority cited by the parties,

---

[3] The Fourth Circuit also held that the Commissioner erred in not giving substantial weight to the VA's disability determination. This issue had not been addressed by the Fourth Circuit prior to this decision. Accordingly, the court does not rely on this finding to conclude that the Commissioner was not substantially justified in her position.

[4] One quarter of an hour was billed for 2013. Dkt. No. 36-2 at 2.

4

the court finds the authority cited by Plaintiff persuasive. *See Bolchoz v. Astrue*, No. 1:11-137, 2012 WL 601899 (D.S.C. Feb. 23, 2012) (J. Gergel) (holding that "the proper CPI rate to utilize is that number in effect at the conclusion of the litigation"); *Nesmith v. Astrue*, No. 4:06-0533, 2008 WL 2169897 (D.S.C. May 21, 2008) (J. Harwell) (finding the CPI in effect at the conclusion of litigation appropriate for calculating hourly rate); *Ball v. Sullivan*, 754 F. Supp. 71, 75 (D.S.C. 1990) (J. Hamilton) (finding that "application of a single rate to all hours claimed promotes the Congressional intent behind the EAJA, which was 'ensuring administrative accountability and concomitantly, of lessening the financial burden on those who victoriously pursued that accountability through litigation.'"). The court, therefore, finds that the hourly rate requested by Plaintiff ($184.83) is appropriate as it utilizes the CPI for 2012, when the litigation concluded.

The Commissioner contends that Plaintiff should not be compensated for his attorney's travel time at the regular hourly rate. Counsel seeks compensation for fourteen hours driving to and from Richmond, Virginia for oral argument at his regular hourly rate. The Commissioner does not oppose Plaintiff's request for compensation for travel time, but rather argues that he should be compensated at half of the hourly rate. The court finds the requested time and hourly rate reasonable.

The Commissioner also contends that Plaintiff should not be compensated for counsel's use of an appellate service for case preparation ($464.00) and brief filing ($517.00), as these expense are excessive. The Commissioner contends that counsel instead should be compensated for 1.5 hours at the hourly rate for these activities. The court finds that these appellate expenses are reasonable in light of the Fourth Circuit's filing requirements.

In reply, Plaintiff requests an additional 7.35 hours for responding to the Commissioner's opposition to Plaintiff's petition for EAJA fees. The court finds that 5.00 hours are reasonable and adds this time to Plaintiff's original request.

5

**CONCLUSION**

For reasons set forth above, the court grants Plaintiff's motion for attorneys' fees under the EAJA. The court awards Plaintiff $31,174.74, consisting of $29,064.52 in attorneys' fees (157.25 hours at $184.83 an hour), $805.00 in costs, and $1,305.22 in appellate expenses.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 22, 2013